## F. B. CONRAD, Assignee, v. CITY BANK OF NEW ORLEANS.

Where a bank had discounted a note for the maker, on a pledge of stock, and the maker subsequently took the benefit of the bankrupt law of the United States, the bank had the right to charge interest after the maturity of the note, without proof of protest, as demand under the circumstances would have been useless.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *M. M. Cohen*, for plaintiff. *L. Hunton*, for defendant. The judgment of the court was pronounced by

PRESTON, J. In 1842, *Thomas Banks* obtained a loan of $17,250 from the City Bank of New Orleans, for which he gave his note, payable in sixty days; and to secure the payment of the same, executed a pledge on three hundred and forty-five shares of the stock of the bank belonging to him.

The same year, *Banks* applied for the benefit of the bankrupt act of the United States, and made an assignment of his property for the benefit of his creditors. The plaintiff was appointed his assignee, and in July, 1845, caused the stock to be sold. The bank became the purchaser, and paid the plaintiff the proceeds of the sale, deducting the amount of the note with six per cent interest, from its maturity, until the day of sale.

The plaintiff denies that any interest was due, because the note was not protested, and sues for the amount of interest deducted.

The declared bankruptcy of *Banks*, and assignment of all his property for the benefit of his creditors, rendered it useless to demand payment from him; and as the assignee had no means to pay the debt, except by the sale of the pledged stock, it was equally unavailable to make a demand from him; and a protest of the note was unnecessary, as it was not endorsed. And yet, the creditor should not lose his interest, on account of the inability of the debtor, or his assignee, to pay the note at maturity, or the neglect of the latter to sell the stock. The inutility of demanding payment, afforded ample reason for dispensing with that vain form, without losing any thing by so doing.

Now, it is to be considered that the very object of the creation of the bank was to obtain interest by the loans of money. In borrowing money from a corporation created for that purpose, the borrower must be considered as binding himself by an implied agreement, that if the principal was not paid at the term fixed, it should continue to bear interest until paid.

It is so important to a bank to realize its loans at maturity, that in some charters, greater interest is imposed as a penalty for the default of the debtor, as is the case in the charter of the Union Bank. For the same reason, by other charters, the banks may allow interest upon deposits, so as to bank upon other funds than their capital, the active use of both aiding their prosperity. From such considerations it is clearly inferred, that if money loaned by them at interest, is not paid at maturity, they expect interest until it is paid. So the borrower would not think of claiming a delay of payment beyond the term agreed, without allowing the interest at the rate stipulated. And if, at the time of contracting the loan, there were a different understanding between the parties, it would lead to the necessity of rigorous, perhaps ruinous measures, to compel payment as soon as the money became due.

The failure to pay the loan, or to compel it at the term stipulated, may then equitably be considered a tacit renewal of the loan until the debtor pays, or the bank takes steps to enforce payment. And surely, the debtor should be the last to complain, as the failure is his fault, and it is even a favor to him not to spread it on the public records, at his expense, by a protest.

During all the delay in realizing payment by the sale of the stocks, the bankrupt being unable to pay, they were producing dividends, and appreciating in value. If the bank was well managed, and we have no evidence to the contrary, and this for the benefit of the creditors, equity then imperatively demands that interest on the debt, during the same period, should be allowed to the bank.

The claim of the plaintiff is therefore inequitable, and we cannot say that any law or adjudged case requires its allowance.

The judgment of the district court is reversed, and judgment rendered for the defendant, with costs in both courts.